UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WOLF NETWORK, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:15-CV-3797-B |
| § | |
| AML DIAGNOSTICS, INC., JOHN § | |
| HANLEY, and DREW WILSON, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Wolf Network, LLC's Amended Motion to Remand (Doc. 22). For the reasons that follow, the Court **DENIES** the Motion.

### I.

### BACKGROUND

This is a breach of contract case in which Plaintiff Wolf Network, LLC ("Wolf") seeks to recover money it claims Defendant AML Diagnostics, Inc. ("AML") owes it under an "agreement for Wolf to perform administrative, sales, and marketing services." Doc. 1-2, Original Pet. ¶ 10. According to Wolf, AML—which owns and operates a toxicology lab specializing in screening human blood and urine for alcohol, narcotics, and other drugs—agreed to pay Wolf seventy percent of the gross revenues it obtained from screening services for those private payors whom Wolf recruited. *Id.* ¶¶ 9–11. Although Wolf provided the requested services, which generated approximately $50,000,000 in gross revenue for AML, AML has paid Wolf less than one-tenth of what it owes. *Id.* ¶¶ 12–15. This failure to pay on the part of AML and Defendants John Hanley

("Hanley") and Drew Wilson ("Wilson")[1] has resulted in "substantial lost revenue to Wolf which threatens [its] continued existence." *Id.* ¶ 16.

Wolf filed suit in the 193rd Judicial District Court of Dallas County, Texas, seeking damages for (1) conversion and civil theft; (2) violations of the Texas Theft Liability Act; (3) unjust enrichment/restitution; (4) civil conspiracy; (5) breach of fiduciary duty; and (6) aiding and abetting. *Id.* ¶¶ 18–43, 46–49. It also asks the Court to impose a constructive trust, *id.* ¶¶ 44–45, and for injunctive relief. Doc. 1-3, Pl.'s Verified Appl. for a TRO and Appl. for a Temporary Injunction. Defendants removed the case to this Court in November 2015, Doc. 1, Notice of Removal, but Wolf now seeks to remand it back to state court on the grounds that this Court lacks subject-matter jurisdiction. Doc. 22, Pl.'s Am. Mot. to Remand 8–15. Wilson and AML have responded, and Wolf has replied. Doc. 28, Drew Wilson's Resp. to Pl.'s Mot. [hereinafter "Wilson Resp."]; Doc. 29, AML Diagnostics, Inc.'s Resp. [hereinafter "AML Resp."]; Doc. 32, Pl.'s Reply in Supp. [hereinafter "Pl.'s Reply"]. The Motion is now ready for review.

## II.

## LEGAL STANDARD

Motions to remand are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Furthermore, "any

---

[1] Wolf alleges that Hanley is the President of AML and Wilson is a Director. Doc. 1-2, Original Pet. ¶ 9.

-2-

doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

The federal removal statute, 28 U.S.C. § 1441(a), permits a defendant to remove any civil action to federal court that falls within the original jurisdiction of the district courts. One such grant of authority is found in 28 U.S.C. § 1332, which provides the district courts with original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Removal is only proper in such cases, however, if there is complete diversity of citizenship among the parties at the time the complaint is filed and at the time of removal. *Mas v. Perry*, 489 F.2d 1396, 1398–99 (5th Cir. 1974). Moreover, none of the parties properly joined and served as defendants may be a citizen of the state in which the action is brought. *See* 28 U.S.C. § 1441(b); *Gasch*, 491 F.3d at 281.

### III.

### ANALYSIS

Wolf's argument for remand is that it has stated viable claims against Wilson, who is a Texas citizen. Doc. 22, Pl.'s Am. Mot. to Remand 8–15. As a result, there is no diversity between Wolf and Wilson, and so the Court lacks subject-matter jurisdiction. The Court disagrees, instead finding that Wilson is a Florida citizen.[2] The Amended Motion must therefore be denied.

Determining a party's domicile for jurisdictional purposes "requires the demonstration of two factors: residence and the intention to remain." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 798 (5th Cir. 2007). "There is a presumption of continuing domicile that applies

---

[2] This finding obviates the need to address the viability of Wolf's claims against Wilson for the purpose of deciding the Amended Motion.

whenever a person relocates," but proof of the above-mentioned factors is sufficient to rebut it. *Acridge v. Evangelical Lutheran Good Samaritan Soc'y*, 334 F.3d 444, 448 (5th Cir. 2003). "There is no durational residency requirement in the establishment of domicile; once presence in the new state and intent to remain are met, the new domicile is instantaneously established." *Id.* Several factors are relevant to the domicile analysis, and each is weighed equally: "the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996). The party's statement of intent is also relevant to the extent that it does not conflict with objective facts. *Id.*

Here, Wolf argues that Wilson is a citizen of Texas. Doc. 22, Pl.'s Am. Mot. to Remand 10–11. To support this contention, it provides evidence showing that Wilson owns real property in Texas, for which he claims a homestead exemption. Doc. 22-1, App. to Pl.'s Mot. to Remand 8, 20, 23 [hereinafter "Mot. App."]; Doc. 33, App. to Pl.'s Reply 1 [hereinafter "Reply App."]. Furthermore, Wilson also appears to be the managing partner of a business located in Texas, for which he submitted a 2015 Texas franchise tax report. Doc. 22-1, Mot. App. 3–4; Doc. 33, Reply App. 2–4.

In rebuttal, Wilson and AML maintain that Wilson has relocated to Florida and established a new domicile there. Doc. 28, Wilson Resp. 3–4; Doc. 29, AML Resp. 2–5; *see also* Doc. 26, Drew Wilson's App. in Supp. of Mot. to Dismiss ¶ 4 [hereinafter "Wilson App."]. Their evidence shows that Wilson (1) has a Florida driver's license, *id.* ¶ 8, Ex. A; (2) uses his Florida address to receive and file taxes, *id.* ¶ 9; (3) lists his Florida address on his bank accounts, *id.* ¶ 10; (4) has bills sent to

that address, *id.*; (5) has developed relationships with clubs and physicians in Florida, and even had surgery there, *id.* ¶¶ 11–12; and (6) is registered to vote in Florida, *id.* at 5. Wilson admits that he owns the Texas property upon which Wolf relies for its argument, but states that he leases that property to a third party and stays in a hotel when he visits Texas. *Id.* ¶¶ 5–6.

Viewing all of this evidence, the balance weighs in favor of finding that Florida is Wilson's domicile. Wolf's evidence is consistent with Wilson's account, with the possible exception of the homestead exemption. AML has explained this fact as, at most, Wilson's failure to change the property's pre-existing status after he relocated. Doc. 29, AML Resp. 5. Even if Wilson did take a homestead exemption for the Texas property, this alone is not enough to outweigh the evidence suggesting he is a Florida citizen. *See Cox, Cox, Filo, Camel & Wilson, LLC v. Sasol N. Am., Inc.*, No. 2:11-CV-0856, 2012 WL 262613, at *4–5 (W.D. La. Jan. 30, 2012), *aff'd*, 2012 WL 2254279 (W.D. La. June 14, 2012) (finding that individual had changed domicile from Louisiana to Texas, despite owning property and claiming a homestead exemption in Louisiana). The Court therefore credits Wilson's affidavit, which clearly indicates his intention to remain in Florida. Doc. 26, Wilson App. ¶¶ 2–3. Wilson and AML have thus established that Wilson both resides in Florida and intends to remain there. Accordingly, he is a Florida citizen, and complete diversity exists between the parties in this case. Remand is therefore unwarranted.

## IV.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Wolf's Amended Motion to Remand.

SO ORDERED.

Dated: March 30, 2016.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE