UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WOLF NETWORK, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:15-CV-3797-B |
| | § | |
| AML DIAGNOSTICS, INC., JOHN | § | |
| HANLEY, and DREW WILSON, | § | |
| | § | |
| Defendants. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court are Defendant AML Diagnostics, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction and for Improper Venue (Doc. 5) and Defendant Drew Wilson's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(3) (Doc. 25). For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** both motions.

I.

BACKGROUND

The case arises from a dispute over a purported contract between Plaintiff Wolf Network, LLC ("Wolf") and Defendant AML Diagnostics, Inc. ("AML").[1] Wolf alleges that it contracted with AML, which operates a toxicology lab specializing in "screening human blood and urine samples for the presence of narcotics, medications, alcohol[,] and other drugs," to provide "administrative, sales, and marketing services as an Independent Contractor." Doc. 1-2, Original Pet. ¶¶ 9–10. In exchange

---

[1] Wolf alleges that Defendant John Hanley ("Hanley") is AML's President, and that Defendant Drew Wilson ("Wilson") is a director of AML. Doc. 1-2, Original Pet. ¶ 9.

- 1 -

for these services, AML supposedly agreed to pay Wolf seventy percent of its gross revenues obtained from screening services for private payors whom Wolf recruited. *Id.* ¶ 11. Wolf contends that its efforts generated $50 million in gross billables for AML, of which it is entitled to at least $10.5 million. *Id.* ¶¶ 12, 14. To date, however, AML has paid Wolf only $1.3 million. *Id.* ¶ 15.

Wolf filed this lawsuit in the 193rd Judicial District Court of Dallas County, Texas, alleging seven causes of action: (1) conversion and civil theft; (2) violations of Texas Theft Liability Act; (3) unjust enrichment/restitution; (4) civil conspiracy; (5) constructive trust; (6) breach of fiduciary duty; and (7) aiding and abetting. *Id.* ¶¶ 18–49. Defendants removed the case to this Court in November 2015, and AML and Wilson now seek to dismiss it, or at least transfer it to a different venue. Doc. 5, Def.'s Mot. to Dismiss for Lack of Personal Jurisdiction and Improper Venue [hereinafter "AML Mot."]; Doc. 25, Def.'s Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(3) [hereinafter "Wilson Mot."]. Wolf responded to both motions, and AML and Wilson both filed replies. Doc. 21, Pl.'s Resp. to AML's Mot. to Dismiss [hereinafter "Resp. AML Mot."]; Doc. 34, Pl.'s Resp. to Wilson's Mot. to Dismiss [hereinafter "Resp. Wilson Mot."]; Doc. 31, Def.'s Reply [hereinafter "AML Reply"]; Doc. 36, Def.'s Reply [hereinafter "Wilson Reply"]. The motions are now ready for review.

## II.

## LEGAL STANDARD

A defendant may move to dismiss or transfer a case for improper venue under Federal Rule of Civil Procedure 12(b)(3). Once a defendant asserts this defense, the plaintiff bears the burden of showing that venue is proper. *Kelly Law Firm, P.C. v. An Attorney for You*, 679 F. Supp. 2d 755, 768 (S.D. Tex. 2009). 28 U.S.C. § 1391 sets out three categories of proper venue: (1) "a judicial district

in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; and (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(1)–(3). "When venue is challenged, the court must determine whether the case falls within one of the[se] three categories." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*, ___ U.S. ___, 134 S. Ct. 568, 577 (2013). In making this decision, "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009). If the plaintiff's choice of forum falls within one of the above categories, then venue is proper. But if it does not, then "venue is improper, and the case must be dismissed or transferred under [28 U.S.C.] § 1406(a)." *Atl. Marine*, 134 S. Ct. at 577.

## III.

## ANALYSIS

In its Motion, AML argues both that the Court lacks personal jurisdiction over it and that the Northern District of Texas is an improper venue. Doc. 7, Br. in Supp. of AML Mot. 2–13. Wilson relies solely on the venue argument. Doc. 25, Wilson Mot. Because the Court concludes that venue is improper, it disposes of both motions on that basis and does not reach AML's personal jurisdiction argument.

A.    *The Northern District of Texas is an Improper Venue*

As an initial matter, the only venue category open to Wolf is § 1391(b)(2), which allows a

party to file a civil action in any "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). The first category, which is based on the defendants' citizenship, does not apply because not all of the defendants are citizens of the state in which this District is located. Indeed, all three Defendants are, in fact, Florida citizens. *See* Doc. 1-2, Original Pet. ¶¶ 4–5 (admitting that both AML and Hanley are Florida citizens); Doc. 38, Mem. Op. & Order 3–5 (finding that Wilson is a Florida citizen); *see also* 28 U.S.C. § 1391(b)(1). For the same reason, the third category also does not apply, because venue would have been proper in at least one Florida federal district court. 28 U.S.C. § 1391(b)(1), (3). Accordingly, Wolf can only defend its chosen venue by showing that "a substantial part of the events or omissions" that gave rise to its claims occurred within this District. It is this argument upon which Wolf relies. Doc. 21, Resp. AML Mot. ¶ 45; Doc. 34, Resp. Wilson Mot. ¶¶ 32–34.

Wolf alleges that AML made material misrepresentations during negotiations in Dallas to induce Wolf to enter into the contract at issue, and that these misrepresentations make up "a substantial part of [its] case." Doc. 21, Resp. AML Mot. ¶ 45; Doc. 34, Resp. Wilson Mot. ¶ 32; Doc. 21-1, Pl.'s App. 1–2. If that were true, such misrepresentations might constitute "a substantial part of the events" giving rise to Wolf's claims. But these alleged misrepresentations appear nowhere in Wolf's Original Petition. *See generally* Doc. 1-2, Original Pet. Furthermore, none of Wolf's claims require proof of misrepresentation. Rather, all of them center on the allegation that AML never paid Wolf the amount it was due. Whether AML made misrepresentations to Wolf before it entered into the contract does not bear on this issue. In other words, these are not events "giving rise to" Wolf's claims, 28 U.S.C. § 1391(b)(2), and therefore cannot sustain its choice of venue.

-4-

Normally, in a breach of contract case, the factors relevant to a venue analysis include the location(s) of negotiation, performance, and breach of the agreement. *See Ranger Steel Servs., L.P. v. Orleans Materials & Equip. Co., Inc.*, No. H-09-3111, 2010 WL 173543, at *2 (S.D. Tex. Jan. 14, 2010). Here, however, Wolf does not bring a breach claim, but instead seeks damages for conversion and other similar claims. Unlike breach claims, the venue analysis for a conversion claim focuses on where the conversion occurred. *See Prosperity Bank v. Balboa Music Festival, LLC*, 4:13-CV-0288, 2014 WL 1023935, at *3 (S.D. Tex. Mar. 13, 2014). In this case, that would be Florida, as Wolf alleges AML never paid it to begin with. Wolf's remaining claims compel a similar conclusion, since each is based on the same allegation that AML is withholding money that rightfully belongs to Wolf. Doc. 1-2, Original Pet. ¶¶ 31–49. Thus, all of the events giving rise to Wolf's claims occurred in Florida, and no substantial part of them occurred in the Northern District of Texas.

Even if the Court were to consider the breach of contract factors in its analysis, it would still conclude that no substantial part of the events giving rise to Wolf's claims occurred in this District. Taking at face value Wolf's evidence that negotiations occurred in Dallas, the place of breach (i.e., where AML refused to pay Wolf) would still be Florida. As for performance, AML offers evidence that it expected Wolf to direct its services toward Florida. Doc. 6, AML App. 2. Wolf counters with evidence that it was not limited in its performance to one area and that it recruited customers in Texas. Doc. 21-1, Wolf. App. 3. But the fact that Wolf may have been *permitted* to perform its obligations elsewhere is not the same as saying that it was *required* to do so, nor is it inconsistent with an expectation that Wolf would concentrate its performance in Florida. In fact, AML has provided unrebutted evidence that all of the money Wolf claims it is due was generated from samples tested in Florida. Doc. 6, AML App. 3. Thus, if a place of performance can be identified in this case, it

would be Florida. As a result, only one of the factors favors Texas, while the other two weigh in favor of Florida. Accordingly, this is an improper venue. *See PI, Inc. v. Quality Products, Inc.*, 907 F. Supp. 752, 758 (S.D.N.Y. 1995); *see also Sysinformation, Inc. v. Prof'l Healthcare Billing Servs.*, No. A-09-CA-619, 2009 WL 4640272, at \*4 (W.D. Tex. Nov. 30, 2009) (finding venue improper where failure to pay under contract occurred outside district where case was filed).

B.     *Transfer of Venue*

All that remains is whether to dismiss or transfer the action. Courts generally prefer transfer to dismissal, and this Court is no different. *See Scott v. U.S. Army*, No. EP-07-CA-328, 2008 WL 3914835, at \*1 (W.D. Tex. June 30, 2008) (quoting 14D Charles Alan Wright, et al., Federal Practice & Procedure § 3827 (2008)). When venue is improper, a court may, in the interest of justice, transfer the case to "any district or division in which it could have been brought." 28 U.S.C. § 1406(a). As noted earlier, all three defendants are citizens of Florida, so venue is proper in a district where any defendant lives. 28 U.S.C. § 1391(b)(1). AML has requested transfer to the Southern District of Florida. Doc. 7, Br. in Supp. of AML Mot. 12–13. The Court notes that Wolf has admitted Hanley lives in Palm Beach County, Doc. 1-2, Original Pet. ¶ 5, which is located in the Southern District. Thus, venue is proper there, and the Court will transfer the case as requested.

## IV.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** AML's Motion to Dismiss for Lack of Personal Jurisdiction and for Improper Venue (Doc. 5) and Wilson's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(3) (Doc. 25) to the extent that each seeks to transfer this action to the Southern District of Florida. All other relief not specifically granted is **DENIED**. The Court **ORDERS** that

this case be transferred to the United States District Court for the Southern District of Florida, Palm Beach Division.

      **SO ORDERED.**

      **Dated: April 5, 2016.**

                  JANE J. BOYLE
                  UNITED STATES DISTRICT JUDGE